## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| YARDI SYSTEMS, INC., <br><br>              Plaintiff, <br><br> v. <br><br> BREEZE CONNECTED, LLC, <br><br>              Defendant. | Civil Action No. <br><br> **COMPLAINT FOR INJUNCTION AND OTHER EQUITABLE AND MONETARY RELIEF AND DEMAND FOR A JURY TRIAL** |

Plaintiff Yardi Systems, Inc. ("Yardi"), for its complaint against Defendant Breeze Connected, LLC ("Defendant"), hereby alleges as follows:

### INTRODUCTION

1.     Yardi is a property management software company that provides its clients property management products to optimize their operations. Breeze is one of these products. The Yardi Breeze software is an all-in-one platform Yardi clients use to manage their portfolios, including residential, homeowner associations, condominium, and other properties, by assisting with marketing, leasing, accounting, rent collection, maintenance, and tenant communications.

2.     Since 2017, Yardi has used BREEZE trademarks in connection with its Yardi Breeze software. The Yardi Breeze software is known and used by property owners and managers across the United States.

3.     Defendant recently began using the identical BREEZE trademark to designate its competing property management services, and adopted a logo and

1

marketing scheme highly similar to those used by Yardi to promote its services in a concerted effort to profit from the goodwill generated by Yardi's well-known BREEZE and BREEZE-based trademarks described herein (collectively, the "BREEZE Marks"), and to unfairly compete with Yardi's BREEZE products and services years after Yardi established strong trademark rights through use and federal registration of the BREEZE Marks.

4. Upon information and belief, Defendant had actual knowledge of Yardi and its BREEZE Marks and corresponding applications/registrations before it adopted the identical BREEZE mark in 2020 for its property management services.

5. Defendant's use of the identical BREEZE mark in connection with services which are closely related to and directly overlap with Yardi's services creates a likelihood of consumer confusion. Defendant's conduct has caused and likely will continue to cause damage and irreparable harm to Yardi and its goodwill in the BREEZE Marks.

6. This action seeks damages and injunctive relief for Defendant's willful infringement of Yardi's federally registered and common-law protected BREEZE Marks, which is likely to cause confusion as to the affiliation, connection, association, origin, sponsorship and/or approval of Defendant's services with those of Yardi, constituting trademark infringement, false designation of origin and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), unfair trade practice under the Florida Deceptive and Unfair

Trade Practice Act (Fla. Stat. §§ 501.201 *et seq*.), and trademark infringement and unfair competition under Florida common law.

## PARTIES

7.      Plaintiff Yardi Systems, Inc. is a California corporation with a principal place of business at 430 S. Fairview Ave, Santa Barbara, CA 93117.

8.      Defendant Breeze Connected, LLC, formerly known as Artemis Connected, LLC, is a Delaware limited liability company with a principal address at 2502 N. Rocky Point Drive, Suite 1000, Tampa, FL 33607.  Lori Dann is the Managing Director of Defendant, and has a mailing address of 2161 East Country Road 540A #255, Lakeland, FL 33813.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Yardi's Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claims alleged herein.

10.      This Court has personal jurisdiction over Defendant because Defendant has an office or agency in Florida, specifically in this District, and is operating, conducting, engaging in, or carrying on a business or business venture in this state, such that Defendant has continuous, systematic, and substantial contacts with the State of Florida.  Defendant's Managing Director also resides in this District.

Additionally, Defendant has committed tortious acts in Florida directed at Yardi that it knew or should have known would cause injury to Yardi in Florida and in this District.

11.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant has its principal office in this District and is subject to this Court's personal jurisdiction and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS COMMON TO ALL CLAIMS**

***Plaintiff's Marks***

12.     Established in 1984, Yardi is the leading provider of high-performance software solutions for the real estate industry.  Yardi develops and licenses real estate investment and property management software for residential, commercial, affordable, self-storage, homeowner association/condominium, manufactured, and public housing markets under various marks nationwide.  Yardi's software offerings include downloadable software, downloadable mobile applications, non-downloadable software, and software as a service (SaaS) services in the field of real estate.  Among these offerings is the Yardi Breeze property management software ("Yardi Breeze"), which provides property managers and owners with a reliable all-in-one platform for marketing, leasing, rent collection, maintenance, and tenant communications.

4

13.    Since at least as early as 2017, Yardi Breeze has enabled property managers to market and manage their entire real estate portfolio.  Drawing on decades of experience, Yardi Breeze helps owners and managers streamline and simplify their daily operations by enabling them to market and lease properties, collect rent, manage payables and receivables, track vendor and invoice information, manage maintenance requests, and much more.  Yardi offers two tiers of BREEZE-branded platforms:  Yardi Breeze and Yardi Breeze Premier.  Today, there are more than 8,000 users of Yardi Breeze across the United States, including in Florida.

14.    Yardi owns the following U.S. trademark registrations for the BREEZE mark standing alone and for YARDI BREEZE:

| Mark App./Reg. No. | Filing Date | First Use Date | Services |
|---|---|---|---|
| **BREEZE**<br><br>App. No. 97/739,923<br>Reg. No. 7,107,980 | Jan-03-2023 | Nov-30-2017 | Class 42 – Software as a service (SAAS) services featuring software for use in managing properties, marketing properties, leasing properties, collecting rent, tenant maintenance requests, and accounting functions related to property management; providing on-line non-downloadable software for use in managing properties, marketing properties, leasing properties, collecting rent, tenant maintenance requests, and accounting functions related to property management; technical support services, namely, troubleshooting of computer software problems; computer software consulting |
| **BREEZE PREMIER**<br><br>App. No. 97/739,935<br>Reg. No. 7,189,669 | Jan-03-2023 | Jan-07-2020 | |
| <br><br>App. No. 88/660,142<br>Reg. No. 6,053,407 | Oct-18-2019 | Feb-20-2018 | |
| **YARDI BREEZE**<br><br>App. No. 88/935,292<br>Reg. No. 6,226,960 | May-27-2020 | Feb-20-2018 | |

The trademark registrations listed above are valid and subsisting in full force, unrevoked, and uncancelled. True and correct copies of the registration certificates for the above marks are attached hereto as Exhibit A.

15. In the six years since the BREEZE brand was launched, Yardi has invested considerable time and resources in marketing and promoting its BREEZE products and services, including through social media, direct advertisements, national sales conferences, and through Yardi's websites www.yardi.com and www.yardibreeze.com. The Yardi Breeze mobile application is available on the popular Apple iTunes and Google Play app stores.

16. Yardi's BREEZE brand has also been the subject of substantial promotion and unsolicited media attention including but not limited to coverage by Investopedia, Software Advice, G2, and Capterra. Such promotion and media attention have made the BREEZE Marks strong, and the prominent use and coverage of the BREEZE brand signals to consumers that the products and services offered under the BREEZE Marks come from one source: Yardi.

17. As a result of the promotional efforts and media attention outlined above, the BREEZE Marks enjoy extensive goodwill and consumer recognition. In sum, Yardi's inherently distinctive BREEZE Marks have become strong and well known by the public as designating the highest level of quality.

***Defendant's Wrongful Acts***

18.     Upon information and belief, Defendant was formed under the name Artemis Connected, LLC in or around July 2020, nearly three years after Yardi began using the BREEZE Marks.

19.     Upon information and belief, Defendant began offering property management services in Florida in or around July 2020 under the infringing BREEZE trademark. Defendant currently advertises its services, among other places, on its website located at www.breezehome.com. Until very recently, Defendant also advertised its services on the website located at www.breezehomeapp.com, which described a mobile application called "breeze" that claimed to enable users to "check out events around our community, view amenities info, read and download HOA information, and catch up on our latest news."

20.     Defendant also adopted a stylized logo for its BREEZE-branded services which is confusingly similar to Yardi's stylized YARDI BREEZE mark:

| Yardi's Logo | Defendant's Infringing Logo |
|---|---|
| YARDI breeze® | breeze |

21.     On December 8, 2020, Defendant filed U.S. Trademark Application Serial No. 90/366,726 for the mark BREEZE HOME for use in connection with "Business management of homeowners associations for others" in Class 35 and

"Real estate services, namely, property management services for residential community properties, homeowner associations, community associations, community development districts, and commercial and residential master-planned community development districts" in Class 36.  A true and correct copy of the TESS record for this mark is attached hereto as Exhibit B.  Collectively, the services described in Paragraphs 19 and 21 are referred to as "Defendant's Services."

22.    Defendant began marketing and offering for sale the Defendant's Services under the infringing BREEZE mark despite having knowledge of Yardi's exclusive rights in the BREEZE Marks, and long after Yardi first used and filed for certain of its BREEZE Marks in the United States.

23.    Yardi's rights in the BREEZE Marks predate any purported rights Defendant has in the infringing BREEZE mark.  As set forth above, Yardi filed its earliest trademark application for BREEZE-based marks on October 18, 2019, and has continuously used the BREEZE Marks since at least as early as November 2017.  By contrast, Defendant did not file an application for BREEZE HOME until December 8, 2020, and did not begin using the infringing BREEZE mark until July 2020.  Thus, Yardi is the prior and senior user of the BREEZE Marks.

24.    Yardi's BREEZE Marks and the infringing BREEZE mark are identical.

25.    Defendant's Services are closely related, if not identical in certain respects, to Yardi's BREEZE products and services.  A comparison of just some of

8

the respective products and service offerings of Yardi and Defendant is shown in the following chart:

| Yardi's BREEZE Services | Defendant's BREEZE Services |
| --- | --- |
| Property Management:<br><br>**Property Management**<br><br>**Save time with HOA software that does it all**<br><br>- Manage all your properties from any device<br>- Streamline workflows<br>- See your daily, weekly and monthly task and activity calendar<br>- Centralize communications with owners<br>- Track property and corporate general ledgers<br>- Control security for all users at the menu level | Community Management:<br><br>**Community Management**<br><br>- Homeowner and community communication<br>- Architectural review support services<br>- Compliance services<br>- On-site management services<br>- Vendor management<br>- Dedicated community ambassador for resident support |
| Community Tracking:<br><br>**Community Tracking**<br><br>**Keep tabs on what matters**<br><br>- Track owners and board members<br>- Stay on top of violations and other compliance issues<br>- Post fees and special assessments<br>- Track delinquencies and fee schedules | Board of Director Support:<br><br>**Board of Director Support**<br><br>- Board meeting facilitation and preparation<br>- Board packet preparation & distribution<br>- New board orientation and training<br>- Association goal setting |

| Yardi's BREEZE Services | Defendant's BREEZE Services |
|---|---|
| Accounting: | Financial & Accounting: |

The foregoing screenshots for Defendant's BREEZE Services were accessible on Defendant's website at https://breezehome.com/services-we-offer/ as of the date of this filing.

26.    Defendant also advertised a mobile application through its website at www.breezehomeapp.com, which was accessible at least as of March 11, 2024:

10

Upon information and belief, the mobile app is or was available for use by at least one of the residential communities managed by Defendant.  The mobile app features the infringing BREEZE mark as its app icon, and within the app itself:




27.    The respective products and services of Yardi and Defendant offered under the BREEZE trademark are directed to the same classes of consumers, and are marketed and advertised through the same or virtually the same channels of trade.

28.    On September 9, 2022, upon learning about Defendant's use and attempted registration of the infringing BREEZE trademark and logo, counsel for Yardi sent correspondence to Defendant advising of its prior and senior trademark rights in the BREEZE Marks, and demanding that Defendant expressly abandon its U.S. Application Serial No. 90/366,726, and that it phase out use of the infringing BREEZE trademark and logo.  Since that time, Yardi has made numerous efforts to resolve this matter amicably, to no avail.

29.    On December 14, 2022, Yardi filed with the U.S. Patent and Trademark Office Trademark Trial and Appeal Board a Notice of Opposition against Application No. 90/366,726, styled *Yardi Systems, Inc. v. Artemis Connected, LLC*, Opposition No. 91282333 (the "Opposition").

30.    In or around November 2023, in a failed effort to distinguish its infringing BREEZE mark from Yardi's BREEZE Marks, Defendant appended the generic term "HOME" to BREEZE so that Defendant's mark now appears as BREEZE HOME.  Defendant also made minor modifications to the stylization of the term BREEZE in its new logo.  Together, Defendant's BREEZE and BREEZE HOME marks are referred as the "Infringing Marks."   Notwithstanding these changes, Defendant continues to use the stand-alone infringing BREEZE mark, including but not limited to in its social media name:



https://www.facebook.com/alwayshomeforyou (last accessed Mar. 28, 2024)

31.     Upon information and belief, Defendant also continues to use the stand-alone infringing BREEZE mark on the individual webpages for some of the residential communities Defendant manages, including as shown below:



https://leomaslanding.breezehome.com (last accessed Mar. 28, 2024)

32.     On or around July 5, 2023, with knowledge of Yardi's exclusive rights in the BREEZE Marks, Defendant recorded with the Delaware and Florida Secretaries of State an amendment to change its name from Artemis Connected, LLC to Breeze Connected, LLC.

33.     As a direct and proximate result of the foregoing, Yardi has suffered and, unless Defendant's conduct is enjoined by this Court, will continue to suffer not only actual damages, but also irreparable harm to Yardi's BREEZE brand and its value, reputation, and goodwill, for which Yardi has no adequate legal remedy.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. § 1114)

34.    Yardi realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

35.    Yardi owns valid and protectable federal trademark registrations for BREEZE and YARDI BREEZE on the Principal Register based on inherent distinctiveness, as shown at Exhibit A hereto.

36.    Defendant's conduct alleged herein constitutes the unauthorized use of a reproduction, copy, or colorable imitation of Yardi's federally registered BREEZE Marks in connection with the advertising or sale of goods and services in commerce. This conduct creates a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendant with Yardi, or as to the origin, sponsorship, or approval of Defendant's services by Yardi.  Defendant's conduct is likely to induce consumers to believe, contrary to fact, that its services are sponsored, endorsed, approved by, or connected with Yardi.

37.    Defendant's conduct is without Yardi's permission or authority.  As described above, Defendant had actual knowledge of Yardi's prior and senior rights in the BREEZE Marks when it started using the Infringing Marks.  As a result, Defendant has committed its infringement with full knowledge of Yardi's rights in the BREEZE Marks, and has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Yardi and to deceive the public.

14

38. Defendant's unauthorized use of the Infringing Marks, which are confusingly similar to the BREEZE Marks, in connection with and to identify Defendant's Services, constitutes trademark infringement in violation of 15 U.S.C. § 1114. Upon information and belief, Defendant has profited or will profit from this infringement.

39. This is an exceptional case under 15 U.S.C. § 1117(a).

40. Defendant's conduct has caused and likely will continue to cause damage to Yardi in an amount to be determined at trial and, unless enjoined, will continue to seriously and irreparably impair further the value of the BREEZE Marks, for which there is no adequate remedy at law.

41. Because of Defendant's infringement, Yardi has been irreparably harmed in its business and will continue to suffer irreparable harm unless Defendant is enjoined from infringing the BREEZE Marks.

42. In light of the foregoing, Yardi is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks, or any mark confusingly similar to Yardi's BREEZE Marks, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Yardi has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## SECOND CAUSE OF ACTION

## (Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

43.    Yardi realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

44.    Defendant's actions as alleged herein constitute false designations of origin in connection with the sale and advertising of unauthorized goods and services in commerce.  This conduct creates a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendant with Yardi, or as to the origin, sponsorship, or approval of Defendant's services by Yardi. Defendant's conduct is likely to induce customers to believe, contrary to fact, that its services are sponsored, endorsed, approved by, or connected with Yardi.

45.    Defendant's conduct is without Yardi's permission or authority.  As described above, Defendant had actual knowledge of Yardi's prior and senior rights in the BREEZE Marks when it started using the Infringing Marks.  As a result, Defendant has committed infringement and unfair competition with full knowledge of Yardi's rights in the BREEZE Marks, and has willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Yardi and to deceive the public.

46.    Defendant's unauthorized use of the Infringing Marks, which are confusingly similar to the BREEZE Marks, in connection with and to identify

16

Defendant's Services constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).  Upon information and belief, Defendant has profited or will profit from this infringement.

47.    This is an exceptional case under 15 U.S.C. § 1117(a).

48.    Defendant's conduct has caused and likely will continue to cause damage to Yardi in an amount to be determined at trial and, unless enjoined, will continue to seriously and irreparably impair further the value of the BREEZE Marks, for which there is no adequate remedy at law.

49.    Because of Defendant's conduct, Yardi has been irreparably harmed in its business and will continue to suffer irreparable harm unless Defendant is enjoined from infringing the BREEZE Marks.

50.    In light of the foregoing, Yardi is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks, or any mark confusingly similar to Yardi's BREEZE Marks for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Yardi has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## THIRD CAUSE OF ACTION

## (Florida Deceptive and Unfair Trade Practice Act under Fla. Stat. §§ 501.201 *et seq.*)

51.    Yardi realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

52.    Defendant's unauthorized use of the Infringing Marks constitutes a misuse and misappropriation of the BREEZE Marks and the goodwill associated therewith.

53.    Defendant's actions were willful and wanton, and constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201 *et seq.*

54.    Defendant's conduct has caused and likely will continue to cause damage to Yardi in an amount to be determined at trial and, unless enjoined, will continue to seriously and irreparably impair further the value of the BREEZE Marks, for which there is no adequate remedy at law.

55.    Because of Defendant's infringement, Yardi has been irreparably harmed in its business and will continue to suffer irreparable harm unless Defendant is enjoined from infringing the BREEZE Marks.

56.    In light of the foregoing, Yardi is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks, or any mark confusingly similar to

Yardi's BREEZE Marks, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Yardi has sustained and will sustain as a result thereof, in an amount not yet known.

## FOURTH CAUSE OF ACTION

### (Trademark Infringement under Florida Common Law)

57.    Yardi realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

58.    In addition to its federal registrations, Yardi has established common law rights in the BREEZE Marks through its continuous and substantially exclusive use and promotion of its goods and services under the BREEZE Marks for more than six years.

59.    Defendant's unauthorized use of the Infringing Marks in connection with and to identify Defendant's Services is likely to create confusion, mistake, and/or deception of consumers confusion as to the affiliation, connection, or association of Defendant with Yardi, or as to the origin, sponsorship, or approval of Defendant's Services by Yardi, thereby constituting common law trademark infringement.

60.    The foregoing acts of Defendant constitute misuse and infringement of the BREEZE Marks in violation of the common law of the State of Florida.

61.    Defendant's conduct has caused and likely will continue to cause damage to Yardi in an amount to be determined at trial and, unless enjoined, will

continue to seriously and irreparably impair further the value of the BREEZE Marks, for which there is no adequate remedy at law.

62. Because of Defendant's infringement, Yardi has been irreparably harmed in its business and will continue to suffer irreparable harm unless Defendant is enjoined from infringing the BREEZE Marks.

63. In light of the foregoing, Yardi is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks, or any mark confusingly similar to Yardi's BREEZE Marks, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Yardi has sustained and will sustain as a result thereof, in an amount not yet known.

## FIFTH CAUSE OF ACTION

### (Unfair Competition under Florida Common Law)

64. Yardi realleges and incorporates by reference each of the above paragraphs as though fully set forth herein.

65. In addition to its federal registrations, Yardi has established common law rights in the BREEZE Marks through its continuous and substantially exclusive use and promotion of its goods and services under the BREEZE Marks for more than six years.

66. Defendant's unlawful misuse and misappropriation of the BREEZE Marks and the goodwill associated therewith in connection with and to identify Defendant's Services is likely to cause confusion, mistake, or deception as to the

affiliation, connection, or association of Defendant's Services with Yardi, thereby constituting unfair competition and trade practices under the common law of the State of Florida.

67.    Defendant's conduct has caused and likely will continue to cause damage to Yardi in an amount to be determined at trial and, unless enjoined, will continue to seriously and irreparably impair further the value of the BREEZE Marks, for which there is no adequate remedy at law.

68.    Because of Defendant's infringement, Yardi has been irreparably harmed in its business and will continue to suffer irreparable harm unless Defendant is enjoined from infringing the BREEZE Marks.

69.    In light of the foregoing, Yardi is entitled to injunctive relief prohibiting Defendant from using the Infringing Marks, or any mark confusingly similar to Yardi's BREEZE Marks, for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Yardi has sustained and will sustain as a result thereof, in an amount not yet known.

## **PRAYER FOR RELIEF**

WHEREFORE, Yardi demands judgment against Defendant as follows:

1.    For an injunction:

    a.    Pursuant to 15 U.S.C. § 1116 enjoining and restraining Defendant and its agents, affiliates, subsidiaries, parents, officers, directors,

21

employees, and assigns, and all persons in active concert or participation with them, from:

    i.    directly or indirectly using the Infringing Marks, the BREEZE Marks, or any colorable imitation thereof or any mark confusingly similar thereto;

    ii.    using or registering any trademark, service mark, trade or business name, domain name, social media user name or handle, keyword, hashtag, vanity phone number, or attention-getting symbol that consists of or contains the BREEZE Marks, the Infringing Marks, or any colorable imitation thereof or any mark confusingly similar thereto; and

    iii.    registering or using as a domain name any obvious variation or misspelling of the BREEZE Marks, the Infringing Marks, or marks or domain names owned by or used by or on behalf of Yardi;

b.    Pursuant to 15 U.S.C. § 1118, ordering that all websites, advertisements and promotional materials, software, mobile applications, brochures, and any and all other products or materials bearing the Infringing Marks, the BREEZE Marks, or any colorable imitation thereof, or any other designation confusingly similar thereto, be removed, made inaccessible, taken down from any mobile app store, and/or delivered up and destroyed, as appropriate.

2.    For an order requiring Defendant to file with the Court and serve upon Yardi within fifteen (15) days after issuance of any injunction, a report in writing

under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

3.    For a judgment that:

a.    Defendant has violated Section 1114 of the Lanham Act;

b.    Defendant has violated Section 1125(a) of the Lanham Act as it relates to unfair competition and false designation of origin;

c.    Defendant has violated Fla. Stat. §§ 501.201 *et seq.*;

d.    Defendant has engaged in common law trademark infringement;

e.    Defendant has engaged in common law unfair competition; and

f.    Defendant has acted in bad faith, willfully, intentionally, and/or with reckless disregard for Yardi's rights;

4.    For an order pursuant to 15 U.S.C. § 1119 cancelling any trademark registration for the Infringing Marks that may issue during the pendency of this litigation, and enjoining the Director of the USPTO from issuing to Defendant any trademark registration for the Infringing Marks, the BREEZE Marks, or any colorable imitation thereof or any mark confusingly similar thereto, including without limitation the mark shown in the BREEZE HOME application;

5.    For an order awarding Yardi:

a.    All profits derived by Defendant's wrongful acts complained of herein;

23

b.      All damages sustained by reason of Defendant's wrongful acts complained of herein;

c.      Treble the amount of actual damages suffered by Yardi under 15 U.S.C. § 1117;

d.      Punitive and exemplary damages in an amount sufficient to deter and punish Defendant for its willful and wrongful acts;

e.      Its costs incurred in this action;

f.      Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

g.      Pre-judgment and post-judgment interest; and

6.      For an order granting Yardi such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Yardi hereby demands a trial by jury on all claims and issues so triable.

Dated:  April 3, 2024               Respectfully Submitted,


By:    *s/ W. Barry Blum*
        W. Barry Blum (FBN 379301)
        bblum@venable.com
        VENABLE LLP
        100 SE 2nd Street, 44th Floor
        Miami, FL 33131
        (305) 349-2300

        Sarah S. Brooks (PHV admission pending)
        ssbrooks@venable.com
        Sharoni S. Finkelstein (PHV admission pending)
        ssfinkelstein@venable.com
        VENABLE LLP
        2049 Century Park East, Suite 2300
        Los Angeles, CA 90067
        Phone: (310) 229-9900
        Fax: (310) 229-9901

        *Counsel for Plaintiff Yardi Systems, Inc.*

25